Jeff S. Meyer, WSB #6-4280
Andrew F. Sears, WSB # 7-4557
Sundahl, Powers, Kapp & Martin, LLC
2020 Carey Avenue
P.O. Box 328
Cheyenne, Wyoming 82003
(307) 632-6421 telephone
jmeyer@spkm.org
asears@spkm.org
*Attorneys for Great West Casualty Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, a Nebraska Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. _____ |
| Claire Anderson, Individually; Sue Leffler, Individually; Robert Mathern, Individually; Elizabeth Berthoud, Individually; and Jeff Jevne, Individually | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGEMENT

**COME NOW** the Plaintiff, Great West Casualty Company, by and through its attorneys, Sundahl, Powers, Kapp & Martin, and does hereby state and allege as follows:

    A.    PARTIES, JURISDICTION AND VENUE

1. Plaintiff Great West Casualty Company ("Great West") is an insurance company organized and existing under the laws of the State of Nebraska, with its principal place of business in Nebraska.

2. Great West is authorized and qualified to do business in the State of Wyoming as an insurance company.

3. Based on information and belief, Defendant Claire Anderson ("Anderson") is a resident of Fremont County, Wyoming.

4. Based on information and belief, Defendant Sue Leffler ("Leffler") is a resident of Fremont County, Wyoming.

5. Based on information and belief, Defendant Robert Mathern ("Mathern") is a resident of Fremont County, Wyoming.

6. Based on information and belief, Defendant Elizabeth Berthoud ("Berthoud") is a resident of Fremont County, Wyoming.

7. Based on information and belief, Defendant Jeff Jevne ("Jevne") is a resident of Fremont County, Wyoming.

8. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction over the subject matter of this action because pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of interests and costs.

9. This Court has personal jurisdiction over this claim because the acts or omissions alleged in this Complaint arise from and are related to the Defendants' activities in the State of Wyoming and they are residents of the State of Wyoming and have significant contacts with the State of Wyoming.

10. Pursuant to 28 U.S.C. § 1391(b) and (g), proper venue for this cause of action is the United States District Court for the District of Wyoming since the claim arose in the judicial district and because the acts and omissions complained of occurred within the District of Wyoming.

## B. FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff hereby restates and realleges the allegations set forth in all proceeding paragraphs of Plaintiff's Complaint.

13. On or about May 1, 2017, Great West issued its policy of insurance, policy number CLP30670Y, to its named insured, BT Incorporated ("BTI"). The Great West Policy was in full force and effect at all times related to this Complaint. BTI was the named insured on the policy. A true and accurate copy of the Great West Policy for the policy period of May 1, 2017 through May 1, 2018 is attached hereto as Exhibit A.

14. On or about November 21, 2017, Defendants Anderson, Leffler, Mathern, Berthoud and Jevne were employees of BTI, working within the course and scope of their employment of BT Incorporated.

15. Defendants Anderson and Leffler were officers of BT Incorporated on November 21, 2017, but were not acting in their capacity as officers of BTI.

16. On November 21, 2017 Jevne drove a BTI truck to the J.R. Simplot Company or its subsidiary Simplot Phosphates, LLC facility in the course and scope of his employment with BTI.

17. Jevne was hauling a load of molten sulfur.

18. Jevne was in the process of unloading the sulfur at the Simplot facility when he fell from the trailer he was unloading and allegedly suffered injuries (the "Incident").

19. Jevne thereafter filed a "Complaint for Damages" in the District Court of Sweetwater County, Third Judicial District, State of Wyoming, Case No. 21-501-G. A copy of the Complaint for Damages is attached as Exhibit B.

20. BTI was named as a defendant that Jevne was seeking damages as a result of the incident.

21. Jevne's claims against BTI were subsequently dismissed by the trial court on BTI's Motion for Summary Judgement because Jevne's claims were barred by Wyoming Statute § 27-14-104. A copy of the Order Granting Defendant BTI'S *Motion for Summary Judgement* is attached as Exhibit C.

22. Defendants Anderson, Leffler, Mathern and Berthoud were named as individual defendants by Jevne in his Complaint for Damages.

23. Jevne alleged that defendant Anderson, Leffler, Mathern and Berthoud while acting as employees for BTI had duties regarding safety, training, and supervision of BTI employees like himself, and that they had acted recklessly, willfully, and intentionally with actual knowledge of the hazardous conditions causing him injury.

## C. COUNT ONE: DECLARATORY RELIEF

24. Plaintiff hereby restates and realleges the allegations set forth in all proceeding paragraphs of Plaintiff's Complaint.

25. At the time of Jevne's incident, the Great West Policy provided liability coverages to BTI under a Wyoming Commercial General Liability Coverage Form, form no. CG 10 49 01 15 (the "CGL Form); Commercial Auto Coverage Part Wyoming Motor Carrier Coverage Form, form no. CA 16 49 01 17 (the "Auto Form"); and Employers Liability Insurance – Stop Gap Supplement, form no. CG 49 70 07 10 (the "Stop Gap Form").

26. The Great West Policy Forms provided liability coverage, including defense and indemnity, subject to their terms, limitations, and coverage exclusions of the Great West Policy.

27. Under the relevant portions of the CGL Form, Section I -COVERAGES, Great

West agreed to provide the following general commercial liability insurance:

   1. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

      a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We have the right and duty to defend any insured against a "suit" asking for such damages. However, we have no duty to defend any insured against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

           The right to reimbursement under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or payment of defense costs and to seek reimbursement for defense costs.

Exhibit A, *CGL Form, page 1*.

28.    To qualify for coverage the alleged "bodily injury" or "property damage" must have been caused by an "occurrence" which meant "an accident, including continuous or repeated exposure to substantially the same general harmful condition." *CGL Form, page 19*.

29.    Section II of the CGL Form is entitled "WHO IS AN INSURED" and provides in pertinent part:

   1.   If you are designated in the Declarations as:

\* \* \*

      d.   An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

   2.   Each of the following is also an insured:

      a.    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.  However, none of these "employees" or "volunteer workers" are insureds for:

           (1)    "Bodily injury" or "personal and advertising injury":

                  (a)    To you, to your partners or members (if you are a partnership or joint venture) to your members (if you are a limited liability company) to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business or to your other "volunteer workers" while performing duties related to the conduct of your business.

           \* \* \*

*CGL Form, page 13*.

    30.    The CGL Form defined "auto" as follows:

      2.    "Auto" means:

      a.    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

      b.    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

    However, "auto" does not include "mobile equipment."

*CGL Form, page 17*.

    31.    The CGL Policy was subject to and limited by policy exclusions which limit or bar coverage under the CGL Form.  These exclusions to coverage in the CGL Form included the following:

  e. **EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

  (a) Employment by the insured; or

  (b) Performing duties related to the conduct of the insured's business; or

\*\*\*

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*\*\*

  g. **AIRCRAFT, AUTO OR WATERCRAFT**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any:

(1) "auto", or

\*\*\*

Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

\* \* \*

*CGL Form, pages 3-5*.

  32. Under the relevant portions of the Auto Form, Great West agreed to provide the

following auto liability insurance:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages. However, we have no duty to defend any insured against a "suit" seeking damages * * *. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" * * * to which this insurance does not apply. * * *
>
> If we initially defend an "insured" or pay for an "insured's" defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or payment of defense costs and to seek reimbursement for defense costs.

*Auto Form, page 3*.

33. A "covered auto" was defined by the Great West policy to include:

    "ANY AUTO EXCEPT A PRIVATE PASSENGER TYPE AUTO, VAN OR PICKUP."

*Commercial Auto Coverage Part Motor Carrier Coverage Form Declarations and Auto Form, page 1*.

34. Section VI of the Auto Form defined the term "Auto" as follows:

    C.  "**Auto**" means:

    a.  A land motor vehicle, trailer or semitrailer designed for travel on public roads; or

    b.  Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

35. The Auto Form determined who may be qualified as insured under this coverage, defining the "insureds" to include the following:

    a.    You for any covered "auto".

    b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow * * *.

*Auto Form, page 3*.

36. Section VI of the Auto Form defined the term "Insured" as follows:

    K.    "**Insured**" means any person or organization qualifying as an "insured" in the Who is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each "insured" who is seeking coverage or against whom a claim or "suit" is brought.

37. The Auto Form policy was subject to and limited by policy exclusions which limit or bar coverage under the Auto Form. These exclusions to coverage in the Auto Form included the following:

    1.    **EXPECTED OR INTENDED INJURY**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

    * * *

    3.    **WORKERS COMPENSATION AND SIMILAR LAWS**

    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

    4.    **EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**

    "Bodily injury" to:

    (1)    An "employee" of the "insured" arising out of and in the course of:

        (a)    Employment by the "insured"; or

        (b)    Performing duties related to the conduct of the "insured's" business; or

(2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)    Whether the "insured" may be liable as an employer or in any other capacity; and

(2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

For this exclusion only, "employee" does not include a "leased worker" or a "temporary worker."

\* \* \*

5.    **FELLOW EMPLOYEE**

"Bodily injury" to:

a.    Any fellow "employee of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

b.    The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph a. above.

*Auto Form, page 5*.

38.    The insurance provided to BTI under the Stop Gap Form applied to:

"bodily injury" caused by accident or disease, if the following conditions are satisfied:

1.    The "bodily injury" must arise out of and in the course of the injured "employee's" employment by you.

2.    "Bodily injury" by accident must occur during the policy period.

3.    "Bodily injury" by disease must be caused by or aggravated by the

conditions of your employment. The "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury" by disease must occur during the policy period.

4. If you are sued, the original "suit" and any related legal actions for damages for "bodily injury" must be brought in the United States of America, its territories or possessions, or Canada.

*Stop Gap Form, page 1*.

39. Great West may make payments under the Stop Gap Form when the conditions were met as follows:

We will pay all sums you legally must pay as damages because of "bodily injury" to your "employees", provided the "bodily injury" is covered by this Employer liability Insurance and the injured "employee is reported and declared under the corkers compensation fund of the States of North Dakota, Ohio, Washington, Wyoming or the Commonwealth of Puerto Rico and employment is necessary or incidental to your work in these States or the Commonwealth of Puerto Rico.

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your 'employee";

2. For care and loss of services; and

3. For the consequential "bodily injury" to a spouse, child, parent, brother of sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury" that arises out of and in the course of the injured "employee's" employment by you; and

4. Because of "bodily injury" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

*Stop Gap Form, pages 1-2*.

40. The Stop Gap Form provided that Great West provide a defense for claims falling within the scope of this coverage as follows:

> We have the right and duty to defend, at our expense, any claim, proceeding or "suit" against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and "suits".
>
> We have no duty to defend a claim, proceeding or "suit" that is not covered by this insurance.

\* \* \*

*Stop Gap Form, page 3.*

41. The Stop Gap Form contains a set of exclusions that specifically bar or limit coverage under this form under certain circumstances. Pertinent exclusions may include:

> 4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation of disability benefits law, or similar law.
>
> 5. "Bodily injury" intentionally caused or aggravated by you.

*Stop Gap Form, page 2*.

42. The Stop Gap Form defined an "insured" as follows:

> You are an insured if you are an employer listed as a Named Insured in the Declarations.

\*\*\*

*Stop Gap Form, page 3*.

43. Coverage under the Great West CGL Form for the individual Defendants Anderson, Leffler, Mathern and Berthoud is barred by the express language of the CGL Form policy Exclusions. At the time of the Incident Defendants Anderson, Leffler, Mathern and Berthoud were employees of BTI acting within the scope and course of their employment, and not acting as officers of BTI.

44. At the time of the Incident Defendant Jevne was an employee of BTI acting

within the course and scope of his employment.

45. Coverage is excluded for Defendants Anderson, Leffler, Mathern and Berthoud under the "cross-employee / fellow-employee" exclusionary clause contained in the CGL Form, and there is no liability to Jevne because Jevne's claims against Anderson, Leffler, Mathern and Berthoud are claims against fellow BTI employees for bodily injury incurred by Jevne during his employment for BTI.

46. Coverage under the Great West CGL Form for the individual Defendants Anderson, Leffler, Mathern and Berthoud is also barred by the express language of the CGL Form policy Aircraft, Auto or Watercraft exclusion because Jevne's injury occurred arising out of his use of BTI's auto unloading the trailer at the facility.

47. Coverage is excluded for Defendants Anderson, Leffler, Mathern and Berthoud under the Aircraft, Auto or Watercraft exclusion contained in the CGL Form, and there is no liability to Jevne because Jevne's claims against Anderson, Leffler, Mathern and Berthoud are claims against fellow BTI employees for bodily injury incurred by Jevne during his employment for BTI while using a BTI covered auto.

48. Coverage under the Great West Auto Form for the individual Defendants Anderson, Leffler, Mathern and Berthoud is also barred by the express language of the Auto Form policy because Jevne's injury occurred arising out of his use of BTI's auto.

49. Coverage is excluded for Defendants Anderson, Leffler, Mathern and Berthoud under the Auto Form, and there is no liability to Jevne because Jevne's claims against Anderson, Leffler, Mathern and Berthoud are claims against fellow BTI employees for bodily injury incurred by Jevne during his employment for BTI while using a BTI covered auto.

50. Coverage is excluded for Defendants Anderson, Leffler, Mathern and Berthoud, and there is no liability to Jevne, under the Stop Gap Form because Defendants Anderson, Leffler, Mathern and Berthoud are not an employer listed as a "named insured" in the policy declarations and therefore do not receive any coverage under the Form.

**WHEREFORE** Great West Casualty Company prays that this Court enter a judgment in its favor, and that this Court grant relief that includes:

A. A declaration of rights under the terms of the Great West insurance policy issued to BTI, Policy number CLP30670Y that includes this Court's declarations that:

1) Defense and liability coverage to the individual Defendants Anderson, Leffler, Mathern and Berthoud under the policy is excluded under the express exclusions of the CGL Form including the Cross-Employee exclusion and the Auto exclusion, that Great West has no duty to defend and indemnify those individual defendants under the CGL Form of the Policy, and that Great West has no liability to Jevne because of the exclusions;

2) Defense and liability coverage to the individual Defendants Anderson, Leffler, Mathern and Berthoud under the policy is excluded under the express exclusions of the Auto Form because of the Cross-Employee exclusion, that Great West has no duty to defend and indemnify those individual defendants under the Auto Form of the Policy, and that Great West has no liability to Jevne because of the exclusions; and,

3) Defense and liability coverage to the individual Defendants Anderson, Leffler, Mathern and Berthoud under the policy is excluded under the Stop

Gap Form of the Policy because those Defendants are not named insureds under this Form and are not entitled to defense and indemnity coverage under this Form, that Great West has no duty to defend and indemnify those individual defendants under the Stop Gap Form of the Policy, and that Great West has no liability to Jevne under this Form.

B.     Awarding such other and further relief as may be just and proper in the premises.

**DATED** this _____ day of May, 2023.

    Jeff S. Meyer, WSB #6-4280
    Andrew F. Sears, WSB # 7-4557
    Sundahl, Powers, Kapp & Martin, LLC
    2020 Carey Avenue
    P.O. Box 328
    Cheyenne, Wyoming 82003
    (307) 632-6421 telephone
    jmeyer@spkm.org
    asears@splm.org
    *Attorneys for Great West Casualty Company*