IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

**FILED**

11:55 pm, 3/2/24

**Margaret Botkins
Clerk of Court**

GREAT WEST CASUALTY
COMPANY, *a Nebraska corporation,*

Plaintiffs,

vs.

CLAIRE ANDERSON, *Individually*;
SUE LEFFLER, *Individually*;
ROBERT MATHERN, *Individually*;
ELIZABETH BERTHOD[1],
*Individually*,
JEFF JEVNE, *Individually*,

Defendants.

Case No. 1:23-CV-00076-SWS

---

## ORDER ON MOTION FOR PROTECTIVE ORDER

---

Before the Court is Plaintiff's Motion and Memorandum for Protective Order.

ECF Nos. 45, 46. Defendants submitted oppositions [ECF Nos. 47, 48], and Plaintiff

Great West replied [ECF Nos. 49, 50]. Having considered the parties' arguments and

record herein, and being otherwise fully advised, the Court determines the request

for a protective order should be granted in part and denied in part. The information

---

[1] In the Answer filed by Defendants Anderson, Leffler, Mathern and Berthod, it noted in 6. that the correct spelling of Berthod is without a "u," i.e. Berthoud.

Defendants intend to garner from Plaintiff in the 30(b)(6) Deposition Notice are analyzed below.

## BACKGROUND

Defendant Jevne filed a negligence lawsuit against BT, Inc. (BTI), Anderson, Leffler, Mathern and Berthod (and others) in the State of Wyoming, Sweetwater County District Court. The complaint against BTI was dismissed by the state court. Anderson, Leffler, Mathern and Berthod are still named defendants in the underlying state case and are currently utilizing BTI's insurance policy from Plaintiff to pay for counsel. Defendants Anderson, Leffler, Mathern and Berthod were employees, and managers or officers at BTI, when Defendant Jevne was injured while unloading a haul of molten sulfur in a BTI truck.

Plaintiff initiated the instant case by filing a Complaint for Declaratory Judgement requesting clarification from the Court regarding the defense and indemnity coverage for Defendants Anderson, Leffler, Mathern and Berthod. ECF No. 1. Plaintiff wants to know what is required under the contracted policies of insurance issued to BTI and what it must provide to the Defendants relating to Jevne's underlying state court action. Plaintiff seeks determination of whether it has a continuing obligation to defend and potentially indemnify the individual employee Defendants against Jevne's complaint for damages. More specifically, whether there

is an obligation under the terms of the policies of insurance issued to BTI, taking into consideration the facts and pleadings of Jevne's state case.

Plaintiff alleges that certain exclusions contained within the insurance policies issued to BTI, exclude coverage to Anderson, Leffler, Mathern and Berthod; and that Plaintiff is not required to continue defending them and/or indemnify them for damages awarded against them. ECF No. 1 at 12-13. Plaintiff further alleges that any award to Jevne in the underlying state court case, if damages are awarded, are not covered by the policy BTI possessed at the time of Jevne's injury. *Id.* at 14-15.

Jevne previously filed a motion to dismiss for failure to add a necessary party, i.e., BTI. ECF No. 18. In an Order by the Honorable Scott Skavdahl, issued on July 18, 2023, the court determined that BTI is not indispensable, and the court did not find any "practical impairment to BT[I]'s interest in its insurance coverage" when or if a declaratory judgment is issued. ECF No. 23 at 4. Subsequently, BTI filed a now withdrawn motion to intervene in the case focusing on Plaintiff's argument that exclusions may apply to any coverage for BTI even if its managers/officers are contractually indemnified by BTI's Bylaws. ECF No. 51.

In early November 2023, Jevne requested a stay in the current case until his underlying state case was determined, but such request was denied by the court. ECF Nos. 40, 41, 44. Jevne alleges he has been improperly included in this case and it is

unfairly prejudicial to continue the federal indemnity case without fully developed facts from the underlying state case. ECF No. 40.

MOTION PRESENTED

In the present Motion, Plaintiff is requesting an Order of Protection from Defendants Anderson, Leffler, Mathern, and Berthod's Rule 30(b)(6) Deposition Notice dated November 6, 2023. *See* ECF No. 46-1. Plaintiff argues the Defendants are not named in the policies BTI had with Plaintiff, therefore the questions in the Deposition Notice are overbroad, onerous, privileged, and named Defendants do not have standing to ask such questions. ECF No. 46 at 3.

Defendants oppose the Motion and reiterate their position as reasonable considering the Complaint [ECF No. 1] and Answers [ECF Nos. 16, 17, 26], case law in Wyoming, the wording Plaintiff uses for its Stop-Gap policy, and promotional language to advertise the Stop-Gap liability coverage. ECF No. 47. Furthermore, Defendant Jevne argues that Plaintiff "takes a painfully limited view of the necessary scope of the facts relevant to this case, excluding numerous relevant and valid facts and representations made to BTI and its managers and supervisors, other company documents mandating coverage, and the reasonable expectations of its insureds." ECF No. 48 at 2. Finally, Defendants argue that Plaintiff is improperly narrowing the issues within the discovery process to limit the amount of information Defendants will have to properly defend against the Declaratory Judgement action,

and furthermore, it is the Plaintiff's burden to prove good cause exists for the protective order.

Plaintiff's replies to the two responses in opposition points to the defense counsel for Anderson, Leffler, Mathern, and Berthod, and defense counsel for Jevne, failing to meet the burden of explaining why the information requested in the Deposition Notice is relevant or falls within the discovery scope set out in Rule 26(b) of the Federal Rules of Civil Procedure. Further, Plaintiff argues the historical recitation of legal theories defense counsel relies on in the response fails to provide the Court or parties any clear consensus regarding the Defendants' use of the information requested in the Rule 30(b)(6) Deposition Notice. Plaintiff's reply to Jevne's response also notes the overly burdensome ordeal it would be for Plaintiff to answer all the questions that are within the Rule 30(b)(6) Deposition Notice and that Jevne's response is not necessary or applicable since the Motion deals with the other Defendants' Deposition.

## ISSUE PRESENTED

The issue is whether the 30(b)(6) Deposition Notice and topics within are "relevant to the issues in this matter, overbroad, [should be] limited by time, are onerous, seek information that is protected from disclosure by the attorney-client privilege, seek information that is otherwise confidential, seek information that the employee Defendants do not have standing to obtain in discovery in this case, and

seek information not proportional to the issues in this case." ECF No. 46 at 3; *see also* Fed. R. Civ. P. Rule 26.

### RULING OF THE COURT

Trial courts have broad discretion in discovery decisions. *Doe v. Bd. of Trustees of Teton Cnty. Sch. Dist. No.1*, No. 20-CV-110-S, 2021 WL 7209990 (D. Wyo. Sept. 2, 2021) (citing *Shaklee Corp. v. Gunnell*, 748 F.2d 548, 550 (10th Cir. 1984)). "The federal discovery rules reflect the courts' and Congress' recognition that 'mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Simon v. Taylor*, 2014 U.S. Dist. LEXIS 164774, at *24-25 (D.N.M. Nov. 18, 2014)), aff'd, 794 F. App'x 703 (10th Cir. 2019) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Since this Court is exercising jurisdiction based upon the diversity of the parties, Wyoming law applies to the underlying substantive issues and federal law applies to the determination of what qualifies as discoverable. *Butt v. Bank of Am., N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007). It is the federal court's objective to obtain the same result that would be reached in state court when applying the State's substantive law. *Pena v. Greffet,* 110 F.Supp.3d 1103, 1132 (D.N.M. 2015) (the court should first look to the words of the state supreme court); *Anderson v. Living Tr. v. WPX Energy Prod., LLC,* 27 F.Supp.3d 1188, 1243 & n.30 (D.N.M. 2014) (the court may also rely on Tenth Circuit court opinions interpreting the state law).

The issues in this Declaratory Judgment action boil down to contract interpretation: whether Defendants Anderson, Leffler, Mathern and Berthod are entitled to legal representation and indemnification by Plaintiff Great West in the underlying state case—when the underlying state case's cause of action is personal injury, and the employer is the holder of the insurance policies at issue. In their affirmative defenses, the BTI employees have alleged that the insurance contract is ambiguous and should be interpreted in favor of coverage. ECF No. 16 at 2-5. Plaintiff's reply claims that they have "not denied liability coverage to anyone." ECF No. 49 at 3. However, Plaintiff's Complaint in this matter asks the court to do just that, to grant Plaintiff's relief which includes the court's declaration that defense and liability coverage to the employee defendants is excluded under multiple conditions of its policies with BTI. ECF No. 1.

Under the Federal Rules of Civil Procedure, the scope of discovery includes:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Discoverable information must be relevant and proportional, but it is not required to be admissible as evidence in the case. *Biles v. Schneider*, No. 2:19-CV-00048-NDF, 2020 U.S. Dist. LEXIS 257372, at *5

(D. Wyo. May 28, 2020); *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-1189 (10th Cir. 2009) (discoverable material includes both information relevant to a claim or defense, and information relevant to the subject matter of the action); *see also Hutchinson v. Pfeil*, No. 98-5043, 1999 U.S. App. LEXIS 29523 (10th Cir. Nov. 9, 1999). "Relevant evidence is defined as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Devon Energy Prod. Co., Ltd. P'ship v. Justice Oil & Gas*, No. 19-CV-267-S, 2020 U.S. Dist. LEXIS 257191 at *4 (D. Wyo. Nov. 16, 2020) (quoting *Brandt v. Von Honnecke*, 2018 U.S. Dist. LEXIS 14406, 2018 WL 510277, at * 3 (D. Colo. Jan. 23, 2018); and citing Fed. R. Evid. 401).

Under Wyoming law, "established rules of contract interpretation apply to insurance policies." *Doctors' Co. v. Insurance Corp. of America,* 864 P.2d 1018, 1023 (Wyo. 1993). And when interpreting an insurance policy itself, the court:

> must adhere to the following tenets of insurance agreement construction established by the Wyoming Supreme Court:  (1) words must be given their common and ordinary meaning, and courts may not torture policy language to create an ambiguity; (2) the parties' intention, ascertained from the policy language when viewed in the light of what the parties must reasonably have intended, receives primary consideration; (3) the policy must not be construed so strictly as to contradict the policy's general object; (4) courts may not rewrite lawful policy terms; (5) absent ambiguity, courts must enforce the policy according to its terms and not engage in construction; (6) if the policy is

> ambiguous, courts must construe the contract liberally in favor
> of the insured and strictly against the insurer.

*Mena v. Safeco Ins. Co.*, 412 F.3d 1159, 1163 (10th Cir. 2005) (citing *Aaron v. State Farm Mut. Auto. Ins. Co.*, 2001 WY 112, 34 P.3d 929, 933 (Wyo. 2001)); *reiterated in Shaffer v. Winhealth Partners*, 261 P.3d 708, 711 (Wyo. 2011). Whether or not a contract is ambiguous is a question of law for the court to decide. *Bergatino v. State Farm Mut. Auto. Ins. Co.,* 500 P.3d 249, 253 (Wyo. 2021).

In a case similar to this one, the court addressed the appropriate scope of discovery in a contract matter *prior* to the district court's determination on the question of contract ambiguity. *See Homeland Ins. Co. v. Goldstein*, No. 1:15-cv-00031-ABJ, 2019 U.S. Dist. LEXIS 59461, 2019 WL 1506008 (D. Wyo. Apr. 4, 2019). In *Homeland*, the plaintiff insurance company in a declaratory judgment action sought a protective order regarding the defendant's request for the underwriting files of the company. The court, applying Wyoming law, found that extrinsic evidence may be used when interpreting a contract, even if the contract is **not** ambiguous. *Homeland*, 2019 U.S. Dist. LEXIS 59461, at *10-11, 2019 WL 1506008, at *4 (D. Wyo. Apr. 5, 2019). Extrinsic evidence can include evidence regarding "custom and usage in a particular place or trade at the time of execution of the contract, in order to arrive at the plain meaning of the agreement, with the goal of more closely effectuating the parties' true intent." *Id.* (citing *Mullinix LLC v. HKB Royalty Trust,* 126 P.3d 909, 921 (Wyo. 2006)). The court found that discovery into

the formation of the policy was appropriate so that a party may present to the court what, if any, extrinsic evidence should be considered by the court to make a determination on ambiguity. *Id.* at 5.

Furthermore, if a party wishes to compel discovery, that party bears the burden of proving relevancy of the information requested. *Polk v. Swift*, 339 F.R.D. 189, 194 (D. Wyo. 2021). Yet, the initial burden shifts to the party opposing discovery if the requested information is facially relevant, the party claims relevance is marginal to the potential harm, or the party claims privilege. *See Devon Energy Prod. Co.*, No. 19-CV-267-S, 2020 U.S. Dist. LEXIS 257191, at *4 (D. Wyo. Nov. 16, 2020) (*citing* Fed. R. Civ. P. 26 (advisory committee notes to the 2015 amendments); *and Nat'l R.R. Passenger Corp. et al v. Cimarron Crossing Feeders, et al*, 16-cv-1094-JTM-TJJ, 2017 U.S. Dist. LEXIS 173452, at *7, 2017 WL 4770702, at *4 (D. Kan. Oct. 19, 2017)); *Polk v. Swift*, 339 F.R.D. 189, 194 (D. Wyo. 2021); *Biles v. Schneider*, No. 2:19-CV-00048-NDF, 2020 U.S. Dist. LEXIS 257372, at *6 (D. Wyo. May 28, 2020) ("the burden shifts to the party resisting discovery to prove that the discovery is either (1) not relevant or (2) has such marginal relevance that its potential harm outweighs the presumption favoring broad discovery"); *Roe v. FCA US LLC*, No. CIV-19-167-SLP, 2020 U.S. Dist. LEXIS 259111, at *3 (W.D. Okla. Jan. 14, 2020) (if requested discovery appears relevant, the burden shifts to the party

objecting to production and must show the request is outside Rule 26(b)(1) or is so marginal in value versus harm in disclosure.).

Whereas, under Rule 26(c) of the Federal Rules of Civil Procedure,

> A party . . . may move for a protective order . . . [and t]he court may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense, including: . . . forbidding . . . or limiting the scope [and terms] of disclosure or discovery.

Fed. R. Civ. P. 26(c). It is the party seeking an order of protection that bears the burden of establishing good cause for nondisclosure. *Morgan v. Baker Hughes Inc*., No. 14-CV-210-S, 2018 U.S. Dist. LEXIS 230709, at *25-26 (D. Wyo. July 6, 2018); *see also In Re Cooper Tire*, 568 F.3d at 1190. Furthermore, a "party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (merely alleging work product doctrine applies to documents or requested discovery is insufficient).

Here, Plaintiff carries the burden of proving Defendants lack standing, the information requested is privileged, the topics are onerous, unduly burdensome, and irrelevant. The Court will analyze and provide the legal backdrop individually, and then apply the legal standard to each of the individual 30(b)(6) Deposition Notice

and Topics at issue in this Court's analysis below. *Infra.* at 19; *see also* ECF No. 46-1.

STANDING

The argument that employee Defendants do not have standing to obtain the information in the Deposition Topics because they did not pay any premiums, are not named insureds, nor were they directly issued a policy by Plaintiff—facially fails. ECF No. 46 at 6. Although the named insured, BTI, is not a necessary party, it would frustrate the discovery process if the Court upheld Plaintiff's argument—that Defendants lack standing to obtain the information requested in the 30(b)(6) Deposition Notice based on Defendants not directly purchasing the policy at issue. *See* ECF No. 23 at 5. As the Honorable Scott Skavdahl stated in his Order dated July 18, 2023, "[t]he question presented in this declaratory judgment action is whether [BTI]'s employees, who are not name insureds within the insurance policy, are entitled to a defense and/or indemnification from Great West in the underlying state court action." ECF No. 23 at 4. It is disingenuous for Plaintiff to bring an action against the employee Defendants and then claim they have no right to discovery in the matter. The employee Defendants are a party to this lawsuit and thus have standing to obtain any applicable discovery under the rules.

The Court notes the Rule 26(b) 2015 Committee Notes regarding the relevancy standard. More specifically, the statement that:

> [t]he 2000 Note offered three examples of information that, suitably focused, would be relevant to the parties' claims or defenses. The examples were "other incidents of the same type, or involving the same product"; "information about organizational arrangements or filing systems"; and "information that could be used to impeach a likely witness." Such discovery is not foreclosed by the amendments. Discovery that is relevant to the parties' claims or defenses may also support amendment of the pleadings to add a new claim or defense that affects the scope of discovery.

Fed. R. Civ. P. Rule 26(b) (advisory committee notes to the 2015 amendments).

Even if "the deposition notice operates as if the[ Defendants] are employers, and they are insureds," as Plaintiff alleges, if the questions and topics in the Deposition Notice directly relate to the subject of this action and/or claims or defenses, (i.e. insurance policy forms, development of the language in the forms, internal memoranda about BTI's insurance coverage), then the Defendants have a vested interest in the discovery and have standing to ask the question. ECF No. 46-1. The argument concerning the Defendants' lack of financial investment in a policy as an employer is counter-intuitive to the case at hand. Therefore, any argument regarding standing based on financial investment in the insurance policy is not considered an appropriate reason to avoid discovery. The issue of standing is generally claimed for Topics 1, 2, 3, 5, 6, 7, 8, 9, 10, and 15. This Court finds the

argument unconvincing and DENIES the request to limit the discovery based on standing.

## PRIVILEGED MATERIAL

Under Rule 26(b)(5),

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. Rule 26(b)(5).

When a party claims attorney client privilege,

> The privilege protects "confidential communications by a client to an attorney made in order to obtain legal assistance" from the attorney in his capacity as a legal advisor. *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 1577 (1976). The privilege is to be construed narrowly. *Id.; In re Sealed Case*, 676 F.2d 793, 806-07 (D.C.Cir. 1982). When it is raised as a bar to the production of preexisting documents given by a client to his attorney to aid in legal representation, it protects only that material which would have been privileged in the hands of the client. *Fisher*, 425 U.S. at 404, 96 S. Ct. at 1577.

*In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982, to "Custodian of Records"*, 697 F.2d 277, 278-79 (10th Cir. 1983).

The topic of privilege is generally claimed for Topics 1, 2, 3, 5, 6, 7, 8, 9, 10, and 15; and specifically claimed for Topic 4. This Court finds the argument for privilege unsubstantiated and unconvincing. The request to not produce items because they are "privileged" fails. The Court addresses how the parties shall proceed with any claims of privileged material below.

**PROPORTIONALITY AND RELEVANCY**

Under Plaintiff's argument that certain topic questions are overbroad, burdensome, and onerous, the Court must weigh proportionality considerations, such as a "parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. Rule 26(b)(1). Under the Notes from the Advisory Committee regarding the 2015 Amendments for Rule 26(b)(1), each side shall not carry the entire burden regarding proportionality, "[n]or is the [amendment] intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.* (advisory committee notes to the 2015 amendments); *see also Shotts v. Geico Gen. Ins. Co., No.* CIV-16-1266-R, 2017 U.S. Dist. LEXIS 171515, at *2 (W.D. Okla. Oct. 17, 2017) ("Objections to discovery requests must be stated with specificity; mere boilerplate objections or the familiar

litany of overly broad, vague or burdensome, without more, is not sufficient." (Internal quotations and citations omitted)).

The lack of detail provided in the Motion regarding the burden Plaintiff will experience to answer the 30(b)(6) Deposition Notice frustrates this balancing test. Plaintiff argues it is Defendants' burden to prove relevancy, but that misstates the law. Plaintiff filed the Motion for a protective order and Plaintiff is requesting the Court intervene in this discovery matter. As discussed *supra*, relevancy is based on what "would be admissible at trial in support of a claim or defense or that which appears reasonably calculated to lead to the discovery of evidence that would be so admissible." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009).

The Defendants in their responses to the Motion attempt to explain their theory of why the information requested in the Deposition Notice are relevant. *See Peerless Indem. Ins. Co. v. Swanner*, 651 Fed. Appx. 785 (10th Cir. 2016) (unpublished); and ECF No. 47 at 2. Recognizing that this is a Declaratory Judgment action versus a tort's liability claim, the theories are more limited. But this Court is not in a position to argue semantics or defense strategies on whether the legal theories the defense proposes are viable—the Court can only determine whether there is a likelihood the discovery sought could be useful in trial or lead to useful information in trial. The proportionality is taken as part of the balancing test, but again, without further information about the extent the Plaintiff would be burdened

to fulfill the Topics within the Deposition Notice, it is hard to dictate the full scope of balancing.

For example, in *Cooper Tire & Rubber Co.*, "some discovery requests sought information about different cases, claims, and tires." *In re Cooper Tire & Rubber Co.*, 568 F.3d at 1184. When the defense did not see how that information was relevant to the case, it argued it should not be required to produce such information. The Tenth Circuit disagreed and noted the judge made a balanced determination based on "the reasonable needs of the action" and required the defense to produce the information to plaintiffs. *Id.* ("The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." (internal citation and quotation omitted)). Furthermore, limiting the scope of Defendants' requested information "could deprive [a party] of discovery supporting their theory," whatever that theory may be. *Id.*

Plaintiff alleges the Topics are onerous or overburdensome since there is a lack of time limits for the Topics, the Topics are far-reaching in their request for every policy issue with a "Stop Gap Form," and this is a Declaratory Judgment action.

The Court agrees the information would divulge personal information Defendants have no right to, and the topics are very broad and generalized to the

point that Plaintiff could potentially spend weeks or months trying to gather the requested information. Yet, it is the responsibility of the Court to consider the appropriate scope of discovery, but to do so, this Court needs more information about the burden Plaintiff will experience in regard to answering Defendants' Topics and Plaintiff has failed to meet that burden. *See* Fed. R. Civ. P. 26(b) (advisory committee notes to the 2015 amendments) ("using all the information provided by the parties, [the court] is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."). Furthermore, in the 2015 Committee Notes regarding the relevancy standard it referenced "[t]he 2000 Note offer[ing] three examples of information that, suitably focused, would be relevant to the parties' claims or defenses." *Supra* at 13. The examples seem instructive in this matter, i.e. "other incidents of the same type, or involving the same product" and "information about organizational arrangements or filing systems." Fed. R. Civ. P. 26 (advisory committee notes to the 2015 amendments). Plaintiff specifically references Deposition Topics 11, 13, and 14 for being overbroad, disproportionate to the needs of the case, and speculative. The Court will review those numbered Topics below.

**STANDING, RELEVANCE, UNDULY BURDENSOME, PRIVILEGE**

As previously stated, the Court will analyze the 30(b)(6) Deposition Notice and Topics referenced in the Motion individually to determine discoverability. The

Court already determined that standing regarding whether Defendants financially contributed to the insurance policy is irrelevant. Defendants have standing to ask questions as if they are the insured. *Infra*. at 12-14. Furthermore, the claim of privilege is incomplete as currently briefed regarding Topics 1, 2, 3, 5, 6, 7, 8, 9, 10, and 15. The specific claim for privilege in Topic 4 is analyzed below.

Each of the Topics below are analyzed for: a) if the topics are facially relevant; and/or b) if the information is onerous or unduly burdensome. Plaintiff claims Topics 1, 2, 3, 5, 6, 7, 8, 9, 10, and 15 do not "address or seek evidence relevant to the issue in this case." ECF No. 46 at 7. Additionally, Plaintiff claims "Topics 11, 13 and 14 are not relevant to this action . . .[and] none of these topics address any of the issues in this case and are completely speculative." *Id.* at 9. Those Topics will be analyzed in the context of the law and rules regarding discovery and evidence in contract cases.

## DEPOSITION NOTICE AND TOPICS

**Topic 1.** "The files of Great West relevant to the writing, or development and decision to use coverage similar to that contained in the Stop Gap form used in this case." ECF No. 46-1 at 1.

**Analysis:** The Court finds that there may be some relevance as to the information requested in Topic 1. However, the Court finds the language "coverage similar to that contained in the Stop Gap form used in this case" to be so vague that

it does not sufficiently convey to Plaintiff what is specifically being sought. The Court will GRANT the motion for protective order as to Topic 1.

**Topic 2.** "A copy of the first Stop Gap coverage form issued by Great West to any insured with documents showing the date the form was first used." *Id.* at 2.

**Analysis:** The Court finds the information to be relevant to the issue of the intention of Plaintiff Great West in its use of the Stop Gap form. As to the claim that it is onerous and unduly burdensome, the Plaintiff has not met its burden of proof. The Plaintiff has made nothing but summary assertions about the burden of producing this information which is inadequate. The Court will DENY the request for the protective order as to Topic 2.

**Topic 3.** "A copy of the first Stop Gap coverage form issued to BT[I] with documents showing the date the form was first used to insure BTI and all variants of that form used thereafter." *Id.*

**Analysis:** The Court finds that information regarding the Stop Gap coverage issued to BTI in this case to be relevant and potentially admissible on the issue of the parties' intent when entering into the contract. Again, Plaintiff's claims of onerous and unduly burdensome are mere assertions and Plaintiff has failed to meet its burden to demonstrate it would be unduly burdensome to provide this information. THEREFORE, the request for a protective order regarding Topic 3 is DENIED.

**Topic 4.** "The internal memoranda, committee reports and the like between officers, employees and agents of Great West containing the considerations, conclusions, and justifications for the decision that Great West Policies issued to BT[I] provide no coverage for the Jevne claim." *Id.*

**Analysis:** Plaintiff argues this request "would include information that is subject to attorney client privilege related to [Plaintiff]'s reliance on advice and information from counsel when making its decision to file the current Declaratory Judgment Action." ECF No. 46 at 9. Merely alleging there is a privilege, without providing a privilege log or further clarification about what the documents are or information is that fall under the attorney client privilege, fails to meet the standard necessary for Plaintiff to circumvent the question.

Here, Plaintiff's claim that the information Defendants seek "is privileged or otherwise confidential and the employee Defendants have no right to interest in discovering" fails. ECF No. 46 at 7. Further, the argument Plaintiff purports that the question is not what is at issue misses the mark on what discovery encompasses.

Plaintiff shall answer Topic 4 to the best of its ability and if there are attorney-client privileged documents or questions asked during the deposition, those shall be logged and documented and addressed individually. If the parties cannot agree the information falls within the privilege constraints, the Court instructs the parties to contact chambers. An in-camera review of documents or information

Plaintiff claims are privileged can be quickly assessed by the Court. The Court will DENY, at this time, Plaintiff's request for a protective order on Topic 4.

**Topic 5.** "Advertisements of Great West and its agents known to Great West which contain representations and descriptions about the Stop Gap coverage form." ECF No. 46-1 at 2.

**Analysis:** The Court finds this information to be facially relevant to the issues in this case, as this information could provide insight into the parties' intent when entering into the contract, what a reasonable insured would understand the coverage to mean, and trade usage at the time. While the Plaintiff makes general claims of the information being onerous or unduly burdensome, the Plaintiff has failed to meet its burden. THEREFORE, the Court will DENY the Plaintiff's request for a protective order on Topic 5.

**Topic 6.** "Since the date of first use of the Stop Gap insurance form used in this case, or any variant of it, produce documents showing the gross amount of annual premiums received by Great West for such Stop Gap insurance from insureds in Wyoming." *Id.*

**Analysis:** The Court finds this information to not be relevant at this time and therefore will GRANT the Plaintiff's request for a protective order as to Topic 6.

**Topic 7.** "The date and amount of any claims payments made to a claimant on behalf of a Great West insured in Wyoming since the date of the first issue of the

Stop Gap insurance form on the assumption that a claim against the insured was or might be covered by the Stop Gap form." *Id.*

**Analysis:** The Court does not find that this information, as requested, is relevant to the issue in this case. When looking at the intent of the parties at the time the contract was entered into, claims paid in entirely different cases at any time without limit is not relevant. THEREFORE, the Court will GRANT the Plaintiff's request for a protective order as to Topic 7.

**Topic 8.** "For the payments made described in Requests 6 and 7, while a claim against the insured was in litigation, produced documents identifying the court where filings were made, case numbers, and party names." *Id.*

**Analysis:** Following the Court's findings for Topics 6 and 7, the Court also finds this information to not be relevant to this case—at this time. The Court will GRANT the Plaintiff's motion for protective order as to Topic 8.

**Topic 9.** "Any Reservations of Rights letters issued to Great West insureds in Wyoming concerning the Stop Gap insurance form." *Id.*

**Analysis:** The Court shares the concerns of Plaintiff in this matter—that the sharing of insurance policies issued to other businesses, individuals or entities may infringe upon the privacy of those entities. However, Plaintiff has not provided any case law to this Court demonstrating that this type of discovery should not be allowed. On the other hand, the Court does find that this information may be relevant

to the Defendants' position in this case. In weighing these concerns, the Court will DENY the Plaintiff's Motion for protective order as to Topic 9, HOWEVER, the Court will impose some restrictions on the information to be provided and its treatment. The Court will limit this request to Reservations of Rights letters issued to Great West insureds in Wyoming concerning the Stop Gap insurance form only in cases involving claims for bodily injury. In addition, the information provided is not to be disseminated or used in filings without request for sealing by the parties.

**Topic 10.** "Documents showing the name and address of insureds in Wyoming to whom Great West has issued a Stop Gap insurance form." *Id.*

**Analysis:** The Court finds that the information requested in this Topic is not relevant to the issues in this case and the Defendants have ***not*** met their burden of demonstrating relevancy. Any Stop Gap form issued to anyone ever to include their names and addresses is not relevant. The Court will GRANT the Plaintiff's motion for protective order as to Topic 10.

**Topic 11.** "Any forms of insurance provided by Great West in any state which would have provided coverage to the Defendants Anderson, Leffler, Mathern, and Berhod in this case."

**Analysis:** The Court finds this information to not be relevant to the issues in this case. Whether or not Great West could issue a policy in some state somewhere else that would provide coverage to the Defendants in the underlying claim is

irrelevant. The Court will GRANT the Plaintiff's motion for protective order as to Topic 11.

**Topic 13.** "The 'Employer's Liability Coverage' form used by Great West for insureds in states other than Ohio, North Dakota, Washington, and Wyoming." *Id.*

**Analysis:** The Court does not find this information to be relevant to the case. Defendants have stated they are relying on the coverage provided under the Stop Gap form in this case. The Defendants have not demonstrated how information regarding liability coverage forms used in states in which the worker's compensation laws are entirely different is relevant to this matter. The Court will GRANT the Plaintiff's motion for protective order as to Topic. 13.

**Topic 14.** "Insurance forms of any origin known to Great West which would provide coverage for the defendants in this case." *Id.* at 3.

**Analysis:** Again, the Court finds this requested information to be irrelevant to this cause of action. As worded, the request is extremely broad and appears to apply even to insurance forms of other companies who have nothing to do with this cause of action. The Defendant has failed to meet their burden of demonstrating the relevancy of this information. The Court will GRANT the Plaintiff's request for a protective order as to Topic 14.

**Topic 15.** "Advertisements containing any representation by agents of Great West of the coverage provided by the Stop Gap form." *Id.*

**Analysis:** The Court agrees that this Topic seems to cover the same information as requested in Topic 5 and the Defendant has not clarified if this request is asking for different information. But the Court will allow inquiry into this Topic as relevant to this action. The Court will DENY Plaintiff's request for a protective order as to Topic 15.

PROTECTIVE ORDER

When issuing a protective order or limiting the scope of discovery, Fed. R. Civ. P. 26 allows the trial "[c]ourt broad discretion in deciding when a protective order is appropriate and determining what degree of protection is required." *Sinclair Wyo. Ref. Co. v. Pro-Inspect, Inc.*, No. 12-CV-196-J, 2014 U.S. Dist. LEXIS 199436, at *6 (D. Wyo. Jan. 27, 2014) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Marsee v. U.S. Tobacco Co.*, 866 F.2d 319 (10th Cir. 1989); (other citations omitted)). Rule 26(c)(1)(A)–(F) permits the trial court to forbid "inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters,"[2] in addition to forbidding the disclosure[3] or "prescribing a discovery method other than the one selected by the party seeking discovery"[4].

> [T]he party seeking the protective order must show disclosure will result in a clearly defined and serious injury to the party seeking protection . . . [and] a good case determination requires the [c]ourt to balance between the

---

[2] Fed. R. Civ. P. 26(c)(1)(D).
[3] Fed. R. Civ. P. 26(c)(1)(A).
[4] Fed. R. Civ. P. 26 (c)(1)(C).

> party's need for the information and the injury that may
> occur from the requested disclosure.

*Sinclair*, No. 12-CV-196-J, 2014 U.S. Dist. LEXIS 199436, at \*6 (*citing Exum v.*

*U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

This Court exercises its discretion to limit Defendants' discovery into Topics

1, 6, 7, 8, 10, 11, 13, 14. This Court finds good cause to provide a protective order

regarding any personally identifying information that would be considered

confidential in Topic 9. If Plaintiffs are unable to provide answers to the Defendants'

questions without following this Court's ORDER, then the parties shall contact

chambers.

CONCLUSION

THEREFORE, IT IS ORDERED that the Motion for Protective Order is

GRANTED in part and DENIED in part, without prejudice. Until the parties provide

more specific briefing regarding the privileged documents or information at issue;

the Court hereby DENIES the request to deem the information non-discoverable for

Topics 2, 3, 4, 5, 9, 15.

This Court suggests the parties make an effort to collaborate on a protective

order to keep personal information about Plaintiff's other insureds confidential. The

parties could use and disclose the information solely for litigation purposes, or

attorneys' eyes only. Parties could agree on a stipulated protective order restricting use and disclosure unless a party challenges the confidentiality of a particular item.

Dated this <u>2nd</u> day of March, 2024.


_Stephanie Hambrick_
STEPHANIE A. HAMBRICK
United States Magistrate Judge